Joan Hamilton District Attorney Kansas Third Judicial District Shawnee County Court House, Suite 214 Topeka, Kansas 66603-3922
Dear Ms. Hamilton:
As district attorney for the third judicial district you ask our opinion regarding the crime of debt adjusting. Specifically you ask whether various types of fees assessed by non-profit organizations which arrange repayment programs with creditors bring such organizations within the proscription of K.S.A. 21-4402.
Kansas law has prohibited the business of debt adjusting since 1961. The validity of our former debt adjusting statute, K.S.A 21-2463 (repealed 1969), was upheld by the United States Supreme Court inFerguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). The language of the former statute differed minimally from the present version found at K.S.A. 21-4402, as amended by L. 1993, ch. 239, sec. 224:
 "(1) Debt adjusting is engaging in the business of making contracts, express or implied, with a debtor whereby the debtor agrees to pay a certain amount of money periodically to the person engaging in the debt adjusting business who shall for a consideration
distribute the same among certain specified creditors." (Emphasis added.)
Debt adjusting is classified as a class B nonperson misdemeanor.
You inform us of three types of fees which have been assessed by non-profit organizations which provide "credit counseling services":
 "a `onetime enrollment fee' of $80.00 `which covers the cost of negotiating with creditors and setting up an account'
 "an `administrative fee of 10%' that is `deducted from each monthly payment covering the costs of the checks, postage, supplies, clerical and computer time plus reports to the client on a monthly basis'
 "a `client consultation and negotiating contract fee' of $905.00 [that] `covers the costs incurred for the planning and preparation of the budget and reimbursement for time and expense in attempting to negotiate and arrange, with client's crediors, an extension of credit.' It should be emphasized that this fee is `calculated per [the organization's] non-profit sliding scale and is normally due and payable upon the signing of the contract,' but the organization will usually accept monthly payments."
You ask whether such fees are "consideration" for purposes of the debt adjusting statute. "Consideration" means:
 "The inducement to a contract. The cause, motive, price, or impelling influence which induces a contracting party to enter into a contract. The reason or material cause of a contract. Some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other." Black's Law Dictionary 277 (5th ed. 1979)
Based on that time-honored definition, in our opinion all of the above fees are "consideration" given by one party (the debtor) in exchange for another party (the non-profit organization) distributing money paid periodically by the debtor "among certain specified creditors." The use made of the fee by the non-profit organization is not determinative. The bottom line is that if the debtor does not pay or agree to pay the fee, there will be no contract with the organization. Thus the fee is the inducement to a contract.
While this conclusion may appear unduly harsh in relation to non-profit organizations with good intentions, we are reminded of the words of the Supreme Court in Ferguson v. Skrupa, supra:
 "We conclude that the Kansas Legislature was free to decide for itself that legislation was needed to deal with the business of debt adjusting. Unquestionably, there are arguments showing that the business of debt adjusting has social utility, but such arguments are properly addressed to the legislature, not to us. . . . The Kansas debt adjusting statute may be wise or unwise. But relief, if any be needed, lies not with us but with the body constituted to pass laws for the State of Kansas." 372 U.S. at 731, 83 S.Ct. at 1032, 10 L.Ed.2d at 98.
We note that subsection (2) of K.S.A. 21-4402 exempts debt adjusting which is incidental to the lawful practice of law in Kansas. Likewise, the legislature could pass an amendment to K.S.A. 21-4402 which exempts debt adjusting when done by a non-profit organization.
In conclusion, any fee paid by a debtor to an organization, established for profit or not, in exchange for that organization distributing money periodically paid by the debtor among specified creditors is "consideration" as that term is used in the Kansas debt adjusting statute.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas